IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CEVE EDWARDS, 28703-077,     ) | |
|     Petitioner,     ) | |
| v.                               ) | No. 3:12-CV-1888-L |
|          ) | |
| WARDEN REBECCA TAMEZ.     ) | |
|     Respondent.     ) | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an Order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

**I. Factual background**

Petitioner filed this habeas corpus petition pursuant to 28 U.S.C. § 2241. He is an inmate in the federal prison system and is proceeding *pro se*.

Petitioner argues that, under the Second Chance Act of 2007, he is entitled to be placed in a Residential Reentry Center ("RRC") for up to the last twelve months of his imprisonment, but that the Bureau of Prisons ("BOP") has impermissibly restricted his RRC placement to six months.

On August 20, 2012, Respondent filed her answer. Petitioner did not file a reply. The Court finds the petition should be dismissed.

**II. Discussion**

Respondent argues Petitioner has failed to exhaust his administrative remedies, and

Petitioner's claims are not yet ripe.[1] Petitioner states he did not exhaust his administrative remedies because exhaustion would be futile.

Federal prisoners must generally exhaust administrative remedies before seeking habeas relief under § 2241. *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994); *Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993). Exceptions to the exhaustion requirement apply only in "extraordinary circumstances," and the petitioner bears the burden of demonstrating the futility of administrative review. *Fuller*, 11 F.3d at 62.

Petitioner claims exhaustion would be futile because in 2008, the BOP issued a memorandum prohibiting RRC placements exceeding 180 days. The 2008 memorandum, however, did not prohibit RRC placements exceeding 180 days, but only required the Regional Director's written agreement to a such a placement. (Resp. Appx. at 8.) Further, in 2010, the BOP rescinded the requirement of the Regional Director's agreement to a placement of longer than 180 days. (*Id*. at 16.) Petitioner has therefore failed to show that exhaustion would be futile.

Petitioner also argues it could take up to 220 days to exhaust his administrative remedies, and that the passage of time could moot his claims. Petitioner's projected release date is March 2, 2014. (Resp. at 2.) At the time he filed this petition, the projected release date was twenty-months away. (Resp. at 4.) Therefore, if Petitioner was diligently pursuing exhaustion and it took 220 days to exhaust, Petitioner would still have over a year remaining on his sentence after he exhausted his claims. Petitioner has failed to show extraordinary circumstances excusing his

---

[1] The Court finds the petition should be dismissed because Petitioner failed to exhaust his administrative remedies. The Court therefore does not address Respondent's ripeness argument.

failure to exhaust.

**RECOMMENDATION**

For the foregoing reasons, the Court recommends that Petitioner's habeas corpus petition under 28 U.S.C. § 2241 be dismissed without prejudice.

Signed this 28th day of January, 2013.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).